Receipt number 9998-3573644

# ORIGINAL

**FILED**

OCT 11 2016
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | | |
|---|---|---|
| **GLOBAL DYNAMICS, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **16-1311 C** |
| | ) | |
| **THE UNITED STATES**, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Global Dynamics, LLC ("Global"), by and through its undersigned counsel, and pursuant to Rules 3, 7, 8, and Appendix C of the Rules of the United States Court of Federal Claims, as and for its Complaint against the United States, respectfully states to this Honorable Court as follows:

### Nature of the Action

1.     This is an action for declaratory and injunctive relief pursuant to the Tucker Act, 28 U.S.C. §1491(b)(1) & (2).

2.     By this action, Global seeks declaratory judgment and permanent injunctive relief against Defendant United States, acting through the United States Army, United States Army Medical Command ("Agency"), (1) ordering the Agency to award a contract to Global to provide ancillary, medical staffing assistance at DoD medical treatment facilities in Hawaii and Guam; and (2) awarding Global its reasonable attorneys' fees and costs in pursuing this action.

### The Parties

3.     Plaintiff Global is a corporation organized under the laws of Maryland, with its principal place of business in Maryland.

4.      Defendant, the United States of America, for all purposes relevant hereto, acted by and through the United States Army, United States Army Medical Command, an agency of the federal government.

## Jurisdiction

5.      This Court has jurisdiction of this bid protest pursuant to the Tucker Act, 28 U.S.C. § 1491(b), which grants the Court "jurisdiction to render judgment on an action by an interested party objecting to the solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement."

6.      An "interested party" under the Tucker Act includes an actual or prospective offeror whose direct economic interest would be affected by the award of the contract or failure to award the contract. *Am. Fed'n of Gov't Employees, AFL-CIO v. United States*, 258 F.3d 1294, 1302 (Fed. Cir. 2009).

7.      As an offeror to the United States to provide ancillary medical staffing assistance to be utilized by the Agency, Global has a direct economic interest in the Agency's failure to properly compete and engage in meaningful discussions with Global, causing Global to lose the contract.

8.      Accordingly, Global has standing as an "interested party" to file this bid protest.

## Statement of Facts

9.      Global Dynamics, LLC is a Service Disabled Veteran Owned Small Business (SDVOSB) specializing in providing Healthcare Clinical and Support Services, Administrative, and Training Support for the Federal Government.

10. The Agency released the Solicitation seeking contractors to provide ancillary, nursing and physician medical staffing assistance at DoD medical treatment facilities in Hawaii and Guam.

11. The Solicitation contemplated an award of Multiple Award Task Order (MATO)/Indefinite-Delivery Indefinite-Quantity (IDIQ) type contracts, and the Solicitation advised that "a minimum of five" basic MATO contracts would be awarded, and task orders thereafter would be issued against the contracts on a firm fixed price basis.

12. The Solicitation required technical and price proposals. Price proposals were not intended to establish the prices to be charged by the offeror, but rather were the ceiling prices on any firm fixed price task order. The Solicitation advised that "Upon award, [proposed] rates will become maximum rates for the specialty in the region and will be further competed on TOs. Pricing for each medical specialty shall be fully burdened labor rates rounded to the nearest cent."

13. During the proposal process, the Agency engaged in discussions with Global. During these discussions, the Agency twice advised Global that its price seemed too low.

14. As a result, Global increased its price by substantial amounts, by more than 20 %.

15. In May 2016, the Agency announced potential awardees, not including Global.

16. Global requested a debriefing on the announcement and, on June 20, 2016, the Government provided the requested debriefing in writing.

17. The Agency's debriefing material shows that the Awardees and Global all received the same technical ratings. Global, however, unlike the other Awardees, had a strength in its technical proposal.

18.    Notwithstanding, the Agency determined not to award to Global with the following explanation:

> Global is the 7th lowest priced offeror … 2% higher than Vesa, the 5th lowest priced offeror, and … 0.4% less than XXX, the 6th lowest priced offeror.  We equated the "XXXX" to Global's potential (increased) ability to meet fill-rate standards in the solicitation.  After contemplating the impact of the "XXXX" we determined that the feature did not in-and-of-itself set Global apart from the other offerors.  Because all twelve of the above offerors received a substantial past performance rating, all twelve offerors have demonstrated an equal ability to maintain required fill-rates.  …  We find no justification for paying the extra … 2% higher price for the Global proposal above the lower priced Vesa proposal ….

19.    Because the Agency repeatedly asked Global during discussions to increase its price, Global did as the discussions directed.  The end result is that its price rose to just above the price of the awardees.

20.    The Agency did not treat other offerors or Awardees this way.

21.    Global would have received a contract if Agency did not advise Global to increase its price.

## Count I

22.    Paragraphs 1 through 20 are re-alleged and incorporated herein.

23.    Applicable regulations encourage exchanges of information with all interested parties as early as possible and through the receipt of proposals.  FAR. 48 C.F.R. § 15.201(a).

24.    "Exchanges with offerors after establishment of the competitive range…are undertaken with the intent of allowing the offeror to revise its proposal."  48 C.F.R. § 15.306(d).  In conducting discussions, the agency should discuss with, each offeror still being considered for award, "deficiencies, significant weaknesses, and adverse past performance information to which the offeror has not yet had an opportunity to respond.  The contracting officer also is encouraged to discuss other aspects of the offeror's proposal that could, in the opinion of the contracting

officer, be altered or explained to enhance materially the proposal's potential for award." 48 C.F.R. § 15.306(d)(3).

25. The Agency acted arbitrarily and capriciously and violated FAR 15.306(d)(3) by failing to provide Global with meaningful exchanges and discussions where it advised Global to raise its prices, which Global did, and then rejected Global's proposal explaining that Global's prices were too high.

26. The Agency violated 5 U.S.C. § 706(2)(A) where the evaluation (1) lacked a rational basis; and (2) violated statutes and regulations.

## Count II

27. Paragraphs 1 through 26 are re-alleged and incorporated herein.

28. The Agency treated offerors unequally and violated FAR 15-306(d)(3) and acted arbitrarily and capriciously by advising Global to increase its prices when doing so caused Global to lose the contract. The Agency, however, did not treat other offerors and Awardees the same way.

29. The Agency violated 5 U.S.C. § 706(2)(A) where the evaluation (1) lacked a rational basis; and (2) violated statutes and regulations.

## Prayer for Relief

WHEREFORE, Global prays that judgment be entered in its favor and against the Agency as follows:

(1) A declaration that the Agency failed to engage in meaningful discussions with Global when it advised Global to lowers its prices, yet rejected Global's increased price proposal on the basis that its prices were too high;

5

(2)     An order requiring the Agency to award a contract to Global to provide ancillary, medical staffing assistance at DoD medical treatment facilities in Hawaii and Guam.

(3)     A permanent injunction consistent with and enforcing the Court's declaratory judgment.

(4)     That the Court award Global its court costs, reasonable attorneys' fees, proposal preparation costs, and such other and further relief as this Court deems proper.

DATE: October 7, 2016

/s/ *Edward J. Tolchin*
Edward J. Tolchin, Esq.
Revée M. Walters, Esq.
OFFIT KURMAN, P.A.
4800 Montgomery Lane
9th Floor
Bethesda, MD 20814
240-507-1769
240-507-1735 (facsimile)
etolchin@offitkurman.com
*Counsel for Plaintiff*
*Global Dynamics, LLC*

4847-3747-5897, v. 2